[S. F. No. 3420.   Department Two.—June 10, 1904.]

In the Matter of the Estate of ASA P. TOWNE, Deceased. NANCY A. PERLEY et al., Appellants, v. GEORGE A. WOODBURY, as Executor, and individually, Respondent.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF FINAL ACCOUNT OF EXECUTOR—RATE OF COMMISSIONS.—Where the executor in his final account settled an estate of more than twenty thousand dollars, and it appeared that the executor had had active management and supervision of the estate, and had performed services in collecting moneys due to the estate from various eastern bankers, the court properly allowed the full rate of commissions on the estate above the value of twenty thousand dollars.

ID.—CLAIM FOR SERVICES—MEASURE OF VALUE—LAND. AGREED TO BE CONVEYED.—Where the executor individually rendered services for the decedent in his lifetime, for which the decedent agreed to convey a tract of land to him of the value of fifteen hundred dollars, but which the decedent failed to convey before his death, the executor was properly allowed a claim for his services against the estate, and the value of the land agreed to be conveyed was properly taken as the measure of the value of his services, without other proof of reasonable value.

APPEAL from an order of the Superior Court of Marin County settling the final account of an executor. F. M. Angellotti, Judge.

---

[1] 80 Am. St. Rep. 150.

The facts are stated in the opinion of the court.

Joseph K. Hawkins, and Lennon & Hawkins, for Appellants.

E. B. Martinelli, for Respondent.

LORIGAN, J.—This is an appeal by the devisees under the will from an order settling the final account of the executor. But two points are presented,—one involving the commissions allowed the executor, the other relative to the payment of a claim presented by the executor against the estate.

1. The executor accounted for $26,834.77, which was the appraised value of the estate less something over sixteen hundred dollars, consisting of rents of the real property, and interest on deposits in eastern banks, collected by the executor during his administration.

The court, in fixing the commissions, allowed him the regular rate of three per cent upon the value of the estate over twenty thousand dollars, as provided in section 1618 of the Code of Civil Procedure.

Appellants insist, however, that the court should have allowed him but one half of such regular rate under a further provision of said section, which requires that: "Where the property of the estate is distributed in kind, and involves no labor beyond the custody and distribution of the same, the commissions shall be computed on all the estate above the value of twenty thousand dollars, at one half of the rates fixed in this section."

It appears from the record that the executor proceeded with commendable dispatch in the administration of this estate, and had it ready for distribution within a year. During such administration it became necessary for him to obtain a license from the probate court of Essex County, Massachusetts, to collect moneys deposited by the deceased in five different savings-banks therein. The only witness as to what attention was given the estate by the executor was the executor himself. From his evidence it appears that, as to the estate in Marin County, where the will was probated, he took charge and control of it, collected the rents, paid the taxes, insured the buildings, made necessary repairs, went over a large part of the estate therein, and cared for the trees thereon, and, quoting

his own expression, "looked after the property and done everything I could to make the estate all right." All this involved attention, time, and labor on the part of the executor in behalf of the estate; something more than mere custody and distribution. It was active management and supervision, which was only not more extensive because there was no delay in settling the estate. It was management and attention, however, beyond the mere labor of custody and distribution of the estate, and entitled the executor to commission at the regular rate, as the court properly allowed him.

2. As to the allowance of the claim. The executor duly presented a claim against the estate for fifteen hundred dollars, which was approved and allowed by the judge of the superior court and filed. In his account the executor returned this as paid by himself to himself, and the appellants objected to the approval of this item in the account. The claim presented, approved, and filed recites, that it is for various specified services rendered decedent in his lifetime, at his special instance and request, and states further, that "as compensation for all of which said services said decedent agreed to convey to claimant that certain real property firstly described in the inventory and appraisement, filed herein on the 11th day of April, 1900. Which said real property is of the value of $1,500.00, and the value of which said real property was expressly agreed upon between said decedent and said claimant as being the compensation for said services and which conveyance was never made . . . $1,500.00." The real estate referred to in the claim is a lot of land in the city of Oakland, appraised at fifteen hundred dollars. The only objection urged by appellants against the payment of this claim is a purely technical one. They insist that the payment credited in the account should be rejected because the claim on which it was predicated was not the proper kind of claim to have presented against the estate; that the claim presented is upon express contract for the payment of fifteen hundred dollars, which they contend was not the agreement, but that the agreement was, in fact, that the decedent was to convey to the claimant a lot of land in Oakland as compensation for his services; and that, under such circumstances, the claimant should have presented his claim for the reasonable value of his services.

It is not pretended that there was any fraud, misrepresentation, or deceit on the part of the claimant, or that the contract to pay for the services was not made by the decedent, or that they were not fully rendered, or were not fair and just. Nor is it questioned that the value of the real estate referred to in the inventory is fifteen hundred dollars. The objection solely is as to the sufficiency of the claim in point of law.

Upon the hearing of the objections the executor was also the only witness sworn, and appellants insist that it affirmatively appears from his evidence that their position as to the terms of the agreement between the decedent and the claimant is correct, and they quote in their brief excerpts from his testimony to support their assertion. But the excerpts do not fairly present the testimony of the witness, and when his testimony is considered all together, it cannot be said to support their position. In fact, a reasonable construction of it is to the contrary. Upon this testimony the lower court was satisfied (and we find no reason for reaching a different conclusion) that the agreement between the claimant and decedent was, as stated in his claim, that the value of the Oakland lot—fifteen hundred dollars—was to be the measure of the compensation that he was to receive for his services. That this value was the standard by which the compensation was estimated. Now, while it is true that decedent agreed to convey said lot in payment, still, having died without doing so, this omission amounted simply to a failure of payment in that particular way. It did not otherwise interfere with the terms of the contract. The land was intended to serve a dual purpose, first, by its value to fix the value and amount of the compensation to be paid the claimant, and, secondly, by its transfer to pay it. It never served the latter purpose, on account of the death of the deceased. It had, however, served the first purpose, as an element in fixing the amount in money which it was agreed between the parties the claimant's services were worth. Its value was taken to determine and fix the amount the claimant was to be paid, independent of whether the land was transferred in payment or not.

We think the conclusions reached by the lower court were

correct upon both propositions, and the order appealed from its affirmed.

McFarland, J., and Henshaw, J., concurred.